**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Isaac Jude Rodriguez,

Plaintiff,

v.

Arizona Department of Corrections Rehabilitation and Reentry, et al.,

Defendants.

No. CV-25-04183-PHX-DWL (DMF)

**REPORT AND RECOMMENDATION**

**TO THE HONORABLE DOMINIC W. LANZA, UNITED STATES DISTRICT JUDGE:**

This matter is referred to the undersigned United States Magistrate Judge Deborah M. Fine pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1) (Doc. 5 at 3).

Plaintiff has failed to serve Defendants Nack and John or Jane Does I-X despite sufficient opportunity to do so and Plaintiff has failed to show cause as ordered by the Court regarding why such defendants should not be dismissed. Therefore, as set forth below, it is recommended that unserved Defendants Nack and John or Jane Does I-X be dismissed without prejudice from this matter.

## I. BACKGROUND SUMMARY AND PROCEDURAL POSTURE

On January 14, 2025, self-represented Plaintiff Isaac Jude Rodriguez, who is not in custody, filed a Complaint in the Superior Court of Maricopa County, Arizona, against the

Arizona Department of Corrections, Rehabilitation & Reentry; Ryan Thornell; the State of Arizona; NaphCare, Inc.; Steven Nack; GEO Group, Inc.; A. Carter; Unknown Moren; and John and Jane Does I-X. On October 7, 2025, Plaintiff filed a First Amended Complaint (Doc. 1-5 at 10-35), in which he raised federal constitutional claims for the first time. On November 7, 2025, Defendant GEO Group filed a Notice of Removal and removed the case to this Court.

On November 18, 2025, United States District Judge Lanza referred this matter to undersigned for pretrial proceedings (Doc. 5 at 3) and ordered:

> (1) **Previously served Defendants**: Defendants must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 81(c)(2) of the Federal Rules of Civil Procedure or within 14 days of the filing of this Order, whichever is later.
>
> (2) **Unserved Defendants**:
>
> (a) Plaintiff must either serve each remaining unserved Defendant or seek a waiver of service for each Defendant.
>
> (b) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 90 days of the filing of the Notice of Removal or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m).
>
> (c) Defendant must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(Doc. 5 at 2).

Defendants NaphCare and GEO Group timely filed answers to Plaintiff's First Amended Complaint (Docs. 6, 7). Defendant State of Arizona filed a motion to dismiss for insufficient service of process (Doc. 8).

On January 15, 2026, the Court issued a Scheduling and Discovery Order (Doc. 13).

On May 28, 2026, Defendant Thornell was terminated from this matter (Doc. 32; *see also* Docs. 26, 29). On July 14, 2026, the Court granted Defendants NaphCare and the Geo Group's motion to extend several Scheduling and Discovery Order deadlines (Doc. 42). On August 27, 2026, the Court granted Plaintiff's motion to extend several Scheduling and Discovery Order deadlines (Doc. 49).

Regarding unserved defendants, this Court has twice extended time for service after the ninety days allowed for service ordered by Judge Lanza after removal to this Court (Docs. 14, 27; *see* Doc. 5 at 2).

On June 15, 2026, Defendant GEO moved to dismiss Defendants Carter and Moren (Doc. 37), summarizing the procedural history as to service and their argument for dismissal based on failure to serve as follows:

> Defendant GEO Group, Inc. (or "GEO") hereby moves for an order dismissing Defendants "A. Carter" and "Mr. Moren, DDS" (collectively "Defendants") from this matter for Plaintiff's failure to timely serve the Summons and Complaint within the generous time limit granted by this Court. Despite securing multiple extensions to complete service on individually-named Defendants first from state court, and then in federal district court, Plaintiff has failed to complete service on either of Defendants. Furthermore, there is no information to suggest Plaintiff has even tried to locate or serve these Defendants on his despite being provided their last known contact information by GEO weeks ago. All the while, the claims against both NaphCare, Inc. ("NaphCare") and GEO continue to languish while both have patiently waited for Plaintiff to get his case together and complete service. Both the GEO/NaphCare and state/federal Courts have generously granted Plaintiff over 400 days to serve the individuals he named in his lawsuit, and his failure to do so within that time requires that the two individually-named Defendants be dismissed without prejudice.

(*Id.* at 1-2). Plaintiff opposed the motion to dismiss Defendants Carter and Moren and Plaintiff moved for additional time to serve Defendants Carter and Moren pursuant to Fed. R. Civ. P. 4(m) (Doc. 39).

On July 17, 2026, the Court issued an Order and Order to Show Cause, ordering:

> (1) The reference to the Magistrate Judge is **withdrawn** as to Defendant State of Arizona's Motion to Dismiss (Doc. 8), Defendant GEO's Motion to

> Dismiss Defendants Carter and Moren (Doc. 37), and Plaintiff's Motion for Extension of Time (Doc. 39).
>
> (2) Defendant State of Arizona's Motion to Dismiss (Doc. 8) is **denied**.
>
> (3) Defendant State of Arizona **must file its Answer** within 7 days of this Order.
>
> (4) Defendant GEO's Motion to Dismiss Defendants Carter and Moren (Doc. 37) is **granted**. Defendants Carter and Moren are **dismissed without prejudice** for failure to serve.
>
> (5) Plaintiff's Motion for Extension of Time (Doc. 39) is **denied**.
>
> (6) Within **fourteen (14) days** of the date of this Order, Plaintiff must **show cause** why unserved Defendants Nack and John or Jane Does I-X should not be dismissed for the reasons identified in this Order. If Plaintiff fails to respond within 14 days, Defendants Nack and John or Jane Does I-X **will be dismissed** without further action by this Court.

(Doc. 44 at 8). Regarding dismissal without prejudice of Defendants Carter and Moren[1], the Court reasoned:

> Plaintiff does not dispute that GEO provided him with the last known residential and/or work addresses for Adelaide Carter and Dr. Robert Marin on May 27, 2026. Despite receiving those addresses in late May, nothing on the docket reflects that Defendants Carter and Marin have been served as of July 16, 2026. Plaintiff's response filed July 5, 2026, does not indicate that Plaintiff even tried to serve Carter or Dr. Marin at the addresses provided by GEO. This case was originally filed a year and a half ago and Plaintiff has been granted multiple extensions of time to serve Carter and Dr. Marin, with repeated warnings that any unserved Defendants may be dismissed from this action. (Docs. 5, 14, 27.)
>
> In addition, Plaintiff's argument that GEO waived its right to challenge service on non-served Defendants Carter and Marin is without merit. The act of removing a case to federal court may, in some instances, waive the removing party's right to challenge service on itself, but it does not operate as a waiver of that party's right to challenge service on non-served parties, especially where it has not been shown that the removing party has the

[1] The Court noted that "Dr. Robert Marin is apparently the Defendant Plaintiff originally identified as John Doe Moren, DDS" (Doc. 44 at 6, footnote 3).

> authority to accept service on behalf of non-served defendants. The cases Plaintiff cites are inapposite in this situation. Moreover, Rule 4(m) of the Federal Rules of Civil Procedure permits the Court, on a motion or on its own after notice to the plaintiff, to dismiss an unserved defendant unless the plaintiff shows good cause for the failure. In this case, Plaintiff has had ample time to serve Defendants Carter and Dr. Marin and has failed to show good cause for his failure to serve them.
>
> Accordingly, the Court will grant Defendant GEO's motion to dismiss and will dismiss without prejudice Defendants Carter and Dr. Marin (named as Moren on the docket) for failure to serve.

(Doc. 44 at 7). Regarding service of remaining unserved defendants, the Court explained, directed, and warned:

> Defendant Dr. Nack has not been served, and Plaintiff has not identified John and Jane Does I-X or shown he has made any attempt to serve them, if he has identified them. Therefore, Plaintiff must show cause within fourteen days why Defendants Dr. Nack and John or Jane Does I-X should not be dismissed for failure to serve. *Walker v. Sumner*, 14 F.3d 1415 (9th Cir. 1994) (upholding dismissal where no showing of good cause for delay in service); *Lemoge v. U.S.*, 587 F.3d 1188, 1198 (9th Cir. 2009) (setting forth standard for excusable neglect); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (affirming dismissal for failure to comply with court order). If Plaintiff does not respond within fourteen days, Defendants Dr. Nack and John or Jane Does I-X will be dismissed from this action.

(Doc. 44 at 7-8).

On August 20, 2026, Defendant State of Arizona filed its Answer to Plaintiff's First Amended Complaint (Doc. 48), and discovery remains ongoing (Doc. 49).

Despite the Court's July 17, 2026, Order to Show Cause, Plaintiff has not filed executions of service and has failed to make any filing attempting to show cause why unserved Defendants Nack and John or Jane Does I-X should not be dismissed from this action (Doc. 44).

/ / /

/ / /

/ / /

**II. FAILURE TO SERVE DEFENDANTS NACK AND JOHN OR JANE DOES I-X AND FAILURE TO SHOW CAUSE WHY DEFENDANTS NACK AND JOHN OR JANE DOES I-X SHOULD NOT BE DISMISSED**

Plaintiff initiated this action over 19 months ago in the Maricopa County Superior Court and it has been over 9 months since the matter was removed to this Court (Docs. 1, 5). Defendants Nack and John or Jane Does I-X remain unserved despite multiple extensions of time for service. Noteworthy, Defendant Nack was named as a defendant in Plaintiff's original complaint filed in state court in January 2025 (Doc. 1-1 at 28-29, 36, 41, 44). Further, Plaintiff has not responded to or taken action in response to the Court's July 17, 2026, Order (Doc. 44) requiring that "[w]ithin **fourteen (14) days** of the date of this Order, Plaintiff must show cause why unserved Defendants Nack and John or Jane Does I-X should not be dismissed for the reasons identified in this Order. If Plaintiff fails to respond within 14 days, Defendants Nack and John or Jane Does I-X **will be dismissed** without further action by this Court" (*Id*. at 8).

In determining whether Plaintiff's failure to prosecute Defendants Nack and John or Jane Does I-X warrants dismissal of such defendants, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). Here, factor (4) weighs against dismissal, but the remainder of the factors weigh strongly in favor of dismissal of Defendants Nack and John or Jane Does I-X. Further, multiple defendants have appeared and are defending the lawsuit, lessening the import of factor (4) regarding dismissal of Defendants Nack and John or Jane Does I-X.

Moreover, the Court's reasoning regarding Federal Rule of Civil Procedure 4(m) in dismissal of Defendants Carter and Moren applies with equal force to Defendants Nack and John or Jane Does I-X. There are two routes for the Court to extend time under Rule

4(m), *see Lemoge*, 587 F.3d at 1198, and neither route weighs in favor of any further extension of time for Plaintiff to serve Defendants Nack and John or Jane Does I-X. The first route is mandatory; based upon the plain language of Rule 4(m), "the district court must extend time for service upon a showing of good cause." *Lemoge*, 587 F.3d at 1198. The second route is discretionary; "if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Id.* To establish good cause, Plaintiff must show: 1) excusable neglect; 2) the party to be served received actual notice of the suit; 3) the party to be served would suffer no prejudice; and 4) Plaintiff would suffer severe prejudice if the complaint were dismissed. *Id.* To determine whether there is "excusable neglect," the Court considers: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)). Upon careful consideration of the case history, case procedural posture, and applicable law, another extension of time to serve Defendants Nack and John or Jane Does I-X is not mandatory, and a discretionary extension of time is not warranted.

Thus, dismissal without prejudice of Defendants Nack and John or Jane Does I-X from this matter is appropriate.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendants Nack and John or Jane Does I-X be dismissed without prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within which

to file responses to any objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72. In addition, LRCiv 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated this 1st day of September, 2026.

Deborah M. Fine

Honorable Deborah M. Fine
United States Magistrate Judge